IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBBRA L. ROPER,

      Plaintiff,

v.                                                             No. 2:26-cv-0123-GJF-DLM

DEPARTMENT OF AGRICULTURE,

      Defendant.

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

**THIS MATTER** is before the Court on *pro se* Plaintiff's Motion for Appointment of Counsel. (Doc. 6.) Plaintiff requests that the Court appoint counsel stating:

(i)      Plaintiff is financially unable to retain counsel;

(ii)      This case involves exceptional legal and procedural complexity which "exceed the capacity of a typical pro se litigant and require familiarity with federal employment law, administrative exhaustion doctrines, and federal civil procedure, because it "presents overlapping statutory and jurisdictional issues, including:" (a) review of a Merit Systems Protection Board decision; (b) Title VII discrimination claims; (c) Rehabilitation Act failure to accommodate claims; (d) mixed-case jurisdiction under 5 U.S.C. § 7703; and (e) procedural interactions between MSPB, EEOC, and federal district court review;

(iii)      Plaintiff cannot adequately present this case without counsel because she is "without legal training and faces a represented federal agency;" and

(iv)      Plaintiff's claims are non-frivolous.

(*Id.* at 1.)

1

"[C]ivil litigants have no right to counsel." *Witmer v. Grady Cnty. Jail*, 483 F. App'x 458, 462 (10th Cir. 2012). The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While the Court has authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1). Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation.

Plaintiff cites *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417 (10th Cir. 1992), for the proposition that Courts have discretion to appoint counsel in civil rights actions. (*See* Doc. 6 at 1–2.)

> A plaintiff asserting an employment discrimination claim has no constitutional or statutory right to appointed counsel. *Poindexter v. FBI*, 737 F.2d 1173, 1179 (D.C. Cir. 1984); *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). Title VII of the Civil Rights Act of 1964, however, provides that the district court may, in its discretion, appoint counsel for a plaintiff in an employment discrimination action. 42 U.S.C. § 2000e-5(f)(1) states that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant . . . .
>
> [T]he court must keep in mind that Congress has not provided any mechanism for compensating such appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer

> counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.

*Castner*, 979 F.2d at 1421. The United States Court of Appeals for the Tenth Circuit has more recently addressed the issue stating:

> We start with the scope of the district court's authority: The court cannot appoint counsel; instead, the court can only ask an attorney to take the case. *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016). In deciding whether the district court acted within its discretion, "we consider the merits of the claims, the nature of the claims, [the claimant's] ability to present the claims, and the complexity of the issues." *Id.* at 397.
>
> The district court considered these factors and declined to request legal representation for Mr. Moaz. This decision was reasonable:
>
> > Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests. Accordingly, the district court must use discretion in deciding which cases warrant a request for counsel. To do otherwise would deprive clearly deserving litigants of an opportunity to obtain legal representation. The dilemma is unfortunate for litigants like [Mr. Moaz]. But the dilemma was not the district court's fault; that dilemma was the product of the court's lack of authority to compel legal representation or to reimburse attorneys for their time.
>
> *Id.* at 397.

*Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018).

The Court denies Plaintiff's motion to appoint counsel because the Court does not have the authority to appoint counsel. The Court declines to request legal representation for Plaintiff. Plaintiff originally filed this case with the United States Court of Appeals for the Federal Circuit, which subsequently transferred the case to this Court. *See Roper v. Dep't of Agriculture*, filed October 14, 2025, No. 26-1039 (Fed. Cir.). Plaintiff's two Statements Concerning Discrimination and Plaintiff's Informal Brief indicate that Plaintiff asserted claims against Defendant Department of Agriculture for discrimination by failing to reasonably accommodate Plaintiff's disability, for

3

retaliation, and for hostile work environment. (*See* Docs. 5; 9; 14.) Plaintiff also asserts that the Merit Systems Protection Board erred by failing to consider all the evidence. It appears that Plaintiff is sufficiently able to present her claims against Defendant Department of Agriculture and her assertions regarding the Merit Systems Protection Board, none of which appear to be complex issues. Plaintiff's Motion for appointment of counsel and the documents filed with the United States Court of Appeals for the Federal Circuit show that she can do legal research, identify the relevant legal standards and clearly present her arguments to the Court. The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, lists resources for legal representation.

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 6) is **DENIED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE